This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Dana Cianciola, appeals from the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of Appellee, the City of Fairlawn. We reverse and remand.
Appellant filed a complaint alleging that one of Appellee's employees was negligent and Appellee was liable pursuant to the doctrine ofrespondeat superior. Appellee moved for summary judgment. Appellant filed a memorandum in opposition to the motion for summary judgment which alleged, for the first time, that the acts of Appellee's employee were reckless or wanton.
Subsequently, Appellant moved to amend her complaint. Appellee responded in opposition. The trial court granted the motion. Appellant's amended complaint alleged reckless or wanton conduct on the part of two of Appellee's employees, which resulted in injuries to Appellant. The complaint stated that Appellee was responsible under the doctrine ofrespondeat superior. The trial court granted Appellee's motion for summary judgment. Appellant timely appealed raising two assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred in granting summary judgment when a genuine issue of material fact existed as to reckless conduct on the part of the paramedics.
In Appellant's first assignment of error, she contends that the trial court erred in granting summary judgment in favor of Appellee since there was a genuine issue of material fact as to whether the conduct of Appellee's employees was reckless. We agree, but for different reasons than those argued by Appellant.
Pursuant to Civ.R. 56(C), summary judgment is appropriate when:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden ofdemonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.)Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. The moving party must state specifically which areas of the opponent's claim raise no genuine issue of material fact. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Dresher,75 Ohio St.3d at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. SeeKlingshirn v. Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180.
In this case, in its motion for summary judgment, Appellee addressed the claim of alleged negligence of its employees as raised in the initial complaint, and argued that it was immune from liability. Specifically, Appellee contended that (1) it was entitled to governmental immunity pursuant to R.C. 2744.02, which provides statutory immunity for political subdivisions in connection with a governmental function, and (2) it was entitled to governmental immunity pursuant to R.C. 2744.03(A)(5), which provides statutory immunity for injury that occurs as a result of exercising discretion in determining how to use equipment. Subsequently, Appellant amended her complaint, in which she alleged reckless and/or wanton conduct on the part of Appellee's employees, rather than the allegation of negligence contained in the initial complaint. Appellee did not amend its motion for summary judgment following the filing of the amended complaint.
"`A trial court has no authority to sua sponte grant summary judgment upon grounds which were not first addressed in a valid motion submitted by the prevailing party.'" Miller v. Pennitech Indus. Tools, Inc. (Apr. 19, 1995), Medina App. No. 2356-M, unreported, at 12, quoting Salter v.Marco (May 20, 1992), Lorain App. No. 91CA005182, unreported, at 3. "Nor does a court have the authority to grant summary judgment in the absence of motion or argument on a particular claim." Miller, supra, at 12.
Here, the trial court granted summary judgment in favor of Appellee on the allegation of negligence raised in the initial complaint, pursuant to R.C. 2744.02(A)(1) and (B), as well as the allegation of reckless and wanton conduct raised in the amended complaint, pursuant to R.C.2744.03(A)(6)(a). Specifically, with respect to the amended claim that Appellee's employees were reckless, the trial court found that the employees were operating within the scope of their employment at the time of the alleged injury and no exception to statutory immunity was present. However, we note that Appellee did not move for summary judgment on the grounds that it was immune from liability for the recklessness of its employees as alleged in the amended complaint, pursuant to R.C.2744.03(A)(6)(a). Therefore, in the absence of an argument on this particular claim, the trial court did not have the authority to grant summary judgment on this basis. See Miller, supra, at 12. Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II The trial court exceeded the Civ.R. 56 scope of review by impermissibly weighing the evidence on the merits.
In Appellant's second assignment of error, she avers that the trial court erred in weighing the evidence on the merits when it reviewed the motion for summary judgment regarding the claim that the conduct of Appellee's employees was reckless or wanton. However, in light of our previous determination that the trial court erred in granting summary judgment on this claim, we need not address whether the trial court erred in allegedly weighing the evidence. See App.R. 12(A)(1)(c).
Appellant's first assignment of error is sustained. Her second assignment of error is not addressed. The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings in accordance with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
SLABY, P.J., CARR, J. CONCUR.