This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Roy Larson, appeals from the judgment of the Medina County Court of Common Pleas, which granted the motion for summary judgment of Appellee, FirstMerit Mortgage Corporation. We affirm.
Joan Larson ("Joan") obtained a judgment lien against Appellant. As a result of this judgment lien, Appellant filed a complaint against Joan to quiet title and remove the judgment lien from his property. In addition to Joan's lien, Appellant's property was also encumbered with a mortgage lien by Appellee. Thus, Appellee filed a complaint against Appellant seeking foreclosure. The trial court consolidated the two cases. Accordingly, in the consolidated action, Appellee filed an answer, counterclaim, and cross-claim against Appellant seeking foreclosure of its mortgage. Thereafter, Appellee moved for summary judgment, which the trial court granted. Appellant timely appeals raising three assignments of error for review. We will address assignments of error one and two together as they concern similar issues of law and fact.
 ASSIGNMENT OF ERROR I The trial court's granting of summary judgment and ordering that the Reimer Road property be sold was in error, as the court did not allow Appellant his homestead exemption.
 ASSIGNMENT OF ERROR II Granting of summary judgment and order of sale was improper and the court did not list all of the priority lien holders in the proper order.
In his first assignment of error, Appellant avers that the trial court failed to consider Appellant's homestead exemption before ordering the sale of the property. In his second assignment of error Appellant asserts the following: (1) the trial court erred by determining that Joan had a lien on the property and giving that lien priority; and (2) the trial court failed to reference the Elmer L. Larson and Roy B. Larson Family Limited Partnership mortgages in its order. We disagree. For purposes of review, we will address Appellant's arguments concerning the homestead exemption and the trial court's determination regarding Joan's lien together.
 Homestead exemption and Joan's lien
Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280,292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard; thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180.
In the case sub judice, the issues regarding the homestead exemption and Joan's lien were never before the trial court. Specifically, Appellant did not argue these issues before the trial court as evidenced by his failure to respond to Appellee's motion for summary judgment. As Appellant failed to raise the homestead exemption and Joan's lien before the trial court, he has not demonstrated the existence of a genuine issue of material fact. See Strawser v. Vulic (June 22, 1993), Franklin App. No. 92AP-1640, unreported, 1993 Ohio App. LEXIS 3226, at *25. For the following reasons, the trial court properly granted summary judgment in favor of Appellee. Accordingly, Appellant's assignment of error one and this portion of assignment of error two are overruled.
 2. Elmer L. Larson and Roy B. Larson Family Limited Partnership mortgages
This court notes that Appellant has failed to set forth a single, legal authority to support his contentions that the trial court erred in failing to reference the Elmer L. Larson and Roy B. Larson Family Limited Partnership mortgages in its order. As such, Appellant has failed to provide citations to authorities supporting his brief and the standard of review applicable to this portion of his assignments of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). Appellant had the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut.Ins. Co. (Sept. 16, 1998), Medina App. No. 2729-M, unreported, at 2;Frecska v. Frecska (Oct. 1, 1997), Wayne App. No. 96CA0086, unreported, at 4. Moreover, "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v.Cardone (May 6, 1998), Summit App. Nos. 18349 and 18673, unreported, at 18. Accordingly, since Appellant has failed to set forth any legal error by the trial court in this portion of the second assignment of error, this court has no choice but to disregard it. Accordingly, we overrule this portion of his second assignment of error.
 ASSIGNMENT OF ERROR III The court's granting of a motion for summary judgment was improper, as the court failed to hold a hearing regarding said motion, in accordance with Medina County Court of Common Pleas local rule 6A.
In his third assignment of error, Appellant alleges that the trial court erred by failing to set a hearing date regarding the motion for summary judgment pursuant to Medina County Court of Common Pleas Loc.R. 6A. Appellant's allegation is not well taken as this court has previously rejected the argument that Medina County Court of Common Pleas Loc.R. 6A requires the trial court to set a hearing date. Hudak v. Valleyaire GolfClub, Inc. (Nov. 22, 2000), Medina App. No. 3010-M, unreported, at *5 (stating that Loc.R. 6A does not require the court to set a specific date for a hearing on a motion for summary judgment). Accordingly, Appellant's assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, J. CONCURS IN JUDGMENT ONLY, CARR, J., CONCURS IN JUDGMENT ONLY.