This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mary Kobulnicky, appeals from the judgment of the Summit County Court of Common Pleas that granted the motion for summary judgment of Appellee, the City of Cuyahoga Falls. We affirm.
On March 20, 2001, Appellee filed a complaint against Appellant seeking a declaratory judgment and injunctive relief to enjoin Appellant from storing her commercial box truck at her residence. Thereafter, both Appellant and Appellee moved for summary judgment. The trial court granted Appellee's motion for summary judgment and denied Appellant's motion. Appellant timely appeals and raises one assignment of error for review.
 ASSIGNMENT OF ERROR "The trial court erred as a matter of law in finding that [Appellant's] act of parking her vehicle at her residence violated [Appellee's] zoning ordinance."
In her sole assignment of error, Appellant avers that the trial court erroneously determined that the act of parking her vehicle at her residence violated Cuyahoga Falls Codified Ordinance Section 1125.02(a)(2) and, therefore, improperly granted summary judgment in favor of Appellee. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is appropriate when: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280,292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180.
In the instant case, the trial court found that Appellant violated Cuyahoga Falls Codified Ordinance Section 1125.02(a)(2) by storing her commercial box truck at her residence and, accordingly, granted Appellee's motion for summary judgment. Cuyahoga Falls Codified Ordinance Section 1125.02 applies to property that is an R-7 district, which is a single-family zoning district. See Cuyahoga Falls Codified Ordinance Chapter 1125. This ordinance imposes limitations on property owners as to the permitted uses of their property. Cuyahoga Falls Codified Ordinance Section 1125.02(a) states in relevant part:
"(a) Permitted uses are[:]
"* * *
 "(2) Accessory building and uses including the storage of not more than one commercial vehicle, not to exceed 10,000 pounds gross vehicle weight, within a garage."
The record reveals that Appellant owns and operates a business that transports general goods and merchandise to various customers and, due to the nature of her business, she is on-call 24 hours a day, 7 days a week. In order to transport the general goods and merchandise, Appellant owns at least one commercial box truck, and Appellant parks the truck in her driveway at 1472 Bancroft Street to expedite deliveries. The record further reveals that Appellant's residence at 1472 Bancroft Street is in an R-7 district; therefore, Cuyahoga Falls Codified Ordinance Section1125.02 is applicable. As such, Appellant may store her commercial box truck at her residence if it weighs less than 10,000 pounds and can fit into her garage.
Appellant asserted that her commercial box truck weighs less than 10,000 pounds, but admitted that it cannot fit into her garage. However, Appellant contends that she does not "store" her commercial box truck at her residence, but merely "parks" it there and, thus, she does not fall within the parameters of Cuyahoga Falls Codified Ordinance Section1125.02(a)(2) as the ordinance refers to "storage."
Upon a review of the Cuyahoga Falls Codified Ordinance, we note that "storage" is not defined in the ordinance. Where a word is not defined in an ordinance, the word will be given its common and ordinary meaning.Basic Distrib. Corp. v. Ohio Dept. of Taxation (2002), 94 Ohio St.3d 287,292, citing State ex rel. Rose v. Lorain Cty. Bd. of Elections (2000),90 Ohio St.3d 229. "Storage" can be defined as "to place or leave in a location * * * for later use[.]" Webster's Ninth New Collegiate Dictionary (1984) 1162.
We find that Appellant does fall within the parameters of Cuyahoga Falls Codified Ordinance Section 1125.02(a)(2). Specifically, Appellant resides in an R-7 zoning district. Additionally, Appellant's commercial box truck weighs less than 10,000 pounds. Finally, Appellant does "store" her commercial box truck at her residence, in that, she "places or leaves" her commercial box truck in her driveway "for later [business] use;" however, her failure to store the commercial box truck in her garage violates the ordinance. See id. See, also, Cuyahoga Falls Codified Ordinance Section 1125.02(a)(2). Accordingly, as Appellant has violated the ordinance, the trial court properly granted summary judgment in favor of Appellee. Appellant's sole assignment of error is overruled.
Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, J., WHITMORE, J. CONCUR.