KLINGSHIRN, Appellee,

v.

WESTVIEW CONCRETE CORPORATION et al., Appellants.

[Cite as *Klingshirn v. Westview Concrete Corp.* (1996), 113 Ohio App.3d 178.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 96CA006311.

Decided July 31, 1996.

*Kenneth Frankel,* for appellee.

*John D. Pincura III,* for appellants.

BAIRD, Judge.

Defendants-appellants, Westview Concrete Corporation and Balsam Corporation, present this appeal from the decision rendered in the Lorain County Court of Common Pleas. The trial court awarded plaintiff-appellee, Kenneth Klingshirn, a judgment in the amount of $1,094.97, based upon his possession and presentation of a number of "redemption coupons." We affirm.

In 1987, a lawsuit was settled involving a number of concrete companies, including appellants. As a result of that settlement, "redemption coupons" were issued which could be presented for cash at the end of a specified time period by any person then in possession of them. Appellee presented coupons worth $1,470 to appellants for redemption on April 4, 1994.[1] Appellants, claiming that Klingshirn Corporation, of which appellee is president, owed them $1,094.97, accepted the coupons but only remitted a check to appellee for $375.03, which sum represented the difference between the value of the coupons and the amount of Klingshirn Corp.'s alleged debt to appellants. Appellants asserted that they were entitled to offset the amount of Klingshirn Corp.'s debt to them against the redemption value of the coupons submitted by appellee.

Appellee disputed appellants' contention, and filed the instant action seeking to recover the withheld funds. Appellee moved for summary judgment on his

---

1. Appellants do not contend that the coupons were not presented in the manner required by the settlement agreement.

complaint; appellants responded, again asserting that they were entitled to a set-off for the amount owed to them. The trial court found that appellants were not so entitled, and granted summary judgment to appellee for the $1,094.97 which had been withheld. Appellants now appeal this decision, asserting a single assignment of error:

"The court below erred by entering summary judgment when the evidence presented a genuine issue of material fact regarding defendants' set-off of the amount claimed by redemption coupons."

In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. *Perkins v. Lavin* (1994), 98 Ohio App.3d 378, 381, 648 N.E.2d 839, 840–841. Pursuant to Civ.R. 56(C), summary judgment is proper if:

"(1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192.

Doubts must be resolved in favor of the nonmoving party. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686, 653 N.E.2d 1196, 1201–1202. Since only legal questions exist, no special deference is to be afforded the trial court upon a review of an entry of summary judgment. *Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co.* (1992), 81 Ohio App.3d 263, 267, 610 N.E.2d 1061, 1063–1064. We will, therefore, review the matter *de novo*. *Tyler v. Kelley* (1994), 98 Ohio App.3d 444, 446, 648 N.E.2d 881, 882.

The trial court determined that there was no dispute as to any material fact, and that appellee was entitled to a judgment in his favor. Appellants assert that there was indeed a factual dispute. Specifically, appellants contend that appellee was not the true holder of the coupons; that Klingshirn Corp. was the party which was actually making the claim; and that appellee could not distinguish himself from Klingshirn Corp. sufficiently to establish that Klingshirn Corp. was not the real presenter of the coupons.

■ The coupons are purported to be negotiable instruments. A "negotiable instrument" is "an unconditional promise or order to pay a fixed amount of money * * * if it meets all the following requirements:

"(1) It is payable to bearer or to order at the time it is issued or first comes into possession of a holder.

"(2) It is payable or on demand at a definite time.

"(3) It does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money[.]" R.C. 1303.03(A).

The coupons fulfill these criteria.

Although the coupons were originally issued to Klingshirn Corp., the nature of the coupons is such that they are redeemable by whoever or whatever presents them for redemption. The coupons themselves contain language which states that "[t]his certificate is salable and transferable, and may be submitted for redemption by any holder of the certificate." "Holder" with respect to bearer instruments is defined by R.C. 1301.01(T)(1)(a) as "a person who is in possession of the instrument." "A promise or order is 'payable to bearer' if * * * (1) [i]t states that it is payable to the bearer * * * or otherwise indicates that the person in possession of the promise or order is entitled to payment [or] (2) [i]t does not state a payee." R.C. 1303.10(A). The coupons, which do not state a specific payee, are thus payable to the bearer thereof; in this case, the person in possession of the coupons, *i.e.* the bearer, was appellee. The holder of a negotiable instrument is entitled to enforce it. R.C. 1303.31(A)(1).

■ The ninth paragraph of the settlement agreement, as appellants admit, indicates that the coupons are "transferable and saleable by the owner thereof to anyone[.]" In this case, it is undisputed that appellee personally presented the coupons for redemption; Klingshirn Corp. did not present them. As appellants admitted in interrogatories submitted below, appellee was not personally indebted to appellants.

Therefore, appellants were obligated to honor the coupons, irrespective of their apparent belief that Klingshirn Corp. did not transfer or assign the coupons to appellee. The settlement agreement provided that whoever presented the coupons was entitled to their value; appellants have offered no proof, either below or on appeal, that appellee was not the holder of the coupons. The coupons were by their own terms freely transferable. Appellants present no authority for their contention that the presenter of such instruments is required to prove how and when they came into his possession.

Appellants were thus not entitled to any setoff, and were obligated pursuant to the contractual provisions of the settlement to remit the full value of the coupons to the bearer, appellee Kenneth Klingshirn.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Quillin, P.J., and Slaby, J., concur.