DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Susan Ferritto, appeals from the judgment of the Summit County Court of Common Pleas granting the motion for summary judgment of Appellee, City of Twinsburg. We reverse.
On October 19, 2000, Appellant filed a complaint for declaratory judgment regarding the validity of an ordinance on the November ballot. Additionally, Appellant moved for a preliminary injunction and a temporary restraining order. The trial court denied the preliminary injunction and temporary restraining order motion. Thereafter, on March 22, 2001, Appellee moved for summary judgment. Appellant responded by moving for summary judgment. On June 14, 2001, the trial court granted Appellee's motion for summary judgment. Appellant timely appealed raising two assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred as a matter of law when it misapplied R.C. 3515 in this case and denied Appellant's motion for summary judgment.
In her first assignment of error, Appellant contends that the trial court erroneously applied R.C. 3515.09 and, consequently, denied her motion for summary judgment. Appellant's contention is well taken.
Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard; thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180.
In the instant case, Appellant argues that Ordinance 68-2000, proposing zoning changes, was not validly enacted pursuant to the Charter of the City of Twinsburg ("Charter"). Specifically, Appellant maintains that Twinsburg's City Council ("Council") altered the map, which outlined the proposed zoning changes, and, thereafter, placed Ordinance 68-2000 on the November ballot without complying with sections 7A.01 and 7.08 of the Charter. These sections outline the procedures Council must follow before submitting the proposed ordinance to the electors of the City of Twinsburg.
The trial court did not accept either argument advanced by Appellant or Appellee regarding their respective motions for summary judgment. Rather, the trial court cited R.C. 3515.09 to explain its decision. R.C. 3515.09
outlines the procedure one must follow when contesting an election.[1]
However, we find that R.C. 3515.09 has no application as Appellant has challenged the validity of Council's enactment of Ordinance 68-2000, rather than the election process itself. Accordingly, Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II The court's decision to grant Appellee's motion for summary judgment was contrary to law.
In her second assignment of error, Appellant argues that the trial court's decision to grant Appellee's motion for summary judgment was contrary to law. Based upon our disposition in assignment of error one, we need not address this issue.
Appellant's first assignment of error is sustained and her second assignment of error is not addressed. The judgment of the Summit County Court of Common Pleas is reversed and cause remanded.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BAIRD, J.
BATCHELDER, J. CONCUR
[1] O.R.C. 3515.09 Filing contest petition. A contest of election shall be commenced by the filing of a petition with the clerk of the appropriate court signed by at least twenty-five voters who voted at the last election for or against a candidate for the office or for or against the issue being contested, or by the defeated candidate for said nomination or election, within fifteen days after the results of any such nomination or election have been ascertained and announced by the proper authority, or if there is a recount, within ten days after the results of the recount of such nomination or election have been ascertained and announced by the proper authority. Such petition shall be verified by the oath of at least two such petitioners, or by the oath of the defeated candidate filing the petition, and shall set forth the grounds for such contest.