This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ronald Case Mohlmaster, appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Appellee, State Farm Mutual Automobile Insurance Company. We affirm.
Appellant serves as the administrator of the estate of Marilyn Wagner, who was killed in a car accident involving a driver and vehicle covered by an insurance policy issued by Appellee. The policy contained bodily injury coverage limits of $100,000 per person and $300,000 per accident. Appellee offered to pay Appellant the per person bodily injury liability limit of $100,000, in settlement of the wrongful death claim which ensued. Appellant filed a declaratory action on behalf of the estate and the children of the deceased, seeking a total recovery of $300,000. Appellee moved for summary judgment. The trial court granted summary judgment in favor of Appellee, finding that R.C. 3937.44 applied to the insurance policy to limit recovery to the per person amount of coverage. Appellant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred to the prejudice of Appellant in granting summary judgment for Appellee, holding that [R.C.] 3937.44 * * * was in effect at the time when the contract of insurance arose and holding that it is applicable to limit recovery instead of Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500.
In his sole assignment of error, Appellant argues that summary judgment was improper since the trial court erred in applying R.C. 3937.44, a provision of Am.Sub.S.B. No. 20 ("S.B. 20"), to the insurance policy in question. He contends that S.B. 20 was inapplicable and the reasoning contained in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500
applies, resulting in a finding that the estate is entitled to the per accident aggregate limit of $300,000. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996),75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the denovo standard; thereby employing the same standard used by the trial court. See Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180.
In Savoie, the Ohio Supreme Court held as follows:
 Each person who is presumed to have been damaged as a result of a wrongful death claim may, to the extent of his or her damages, collect from the tortfeasor's liability policy up to its per person limit subject to any per accident limit. Liability policy provisions which purport to consolidate wrongful death damages suffered by individuals into one "each person" policy limit are unenforceable.
Savoie, 67 Ohio St.3d at paragraph one of the syllabus.
In 1994, the legislature passed S.B. 20, which created R.C. 3937.44. The statute provides, in relevant part:
 Any liability policy of insurance * * * that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one accident, may, notwithstanding [R.C. Chapter 2125], include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
R.C. 3937.44. Thus, R.C. 3937.44 permits the joinder of all derivative claims from a single bodily injury or death, to be subject to the per person coverage limit.
R.C. 3937.44 became effective on October 20, 1994 and the General Assembly intended it to overrule the contrary holding in Savoie. Maletzv. State Automobile Mut. Ins. Co. (Nov. 8, 2000), Medina App. No. 2991-M, unreported, at 3, fn. 3. Significantly, the General Assembly stated in Section 10 of S.B. 20 that R.C. 3937.18(H), the uninsured/underinsured automobile liability policy counterpart to R.C.3937.44, superseded Savoie.
In Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, the Ohio Supreme Court stated that courts are to apply the statutory law that was in effect on the date of issuance of each new insurance policy. Id. at 250 (followingRoss v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281). The Court examined the mandate of R.C. 3937.31(A) that automobile insurance policies must be issued for a guaranteed period of two years. It determined that from the date of initial issuance, an ongoing insurance policy is deemed newly issued at two-year intervals on the anniversary date. Wolfe, 88 Ohio St.3d at paragraphs one, two and three of the syllabus. Specifically, the Court stated that "[t]he commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy." Id. at paragraph two of the syllabus.
The law to be applied when an accident occurs depends on the law in effect at the beginning of the most recent two-year interval. Id. at 250. Therefore, in order to determine whether the provisions of S.B. 20 are applicable to a given case, this court must determine the original issuance date of the insurance contract and count successive two-year periods from that date. See id. The legislation would be incorporated into the contract of a new mandatory policy period commenced after the October 20, 1994 effective date. Id.
In the instant case, it is undisputed that the policy in question was initially issued on September 18, 1989. Counting successive two-year policy periods from that date, the last guaranteed policy period would have run from September 18, 1995, to September 18, 1997. The legislature enacted S.B. 20 approximately eleven months prior to the start of the two-year guaranteed policy period. Therefore, contrary to Appellant's argument, the provisions of S.B. 20, which include R.C. 3937.44, were incorporated into the new contract and Appellee is entitled to enforce its single per person bodily injury or death coverage limit of $100,000.
In support of its motion for summary judgment, Appellee pointed to the provisions of the contract of insurance, the provisions of R.C. 3937.44, the date of the accident, and the amount offered as a settlement to Appellant under the policy. Appellee met its initial Dresher burden, to show that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. Accordingly, we find that the trial court properly granted summary judgment in favor of Appellee.
Appellant also attempted to argue for the first time on appeal that the automobile involved in the accident was added to the insurance policy on September 19, 1990. Therefore, he contends that the court is required to count successive two-year policy periods from that date in order to determine whether S.B. 20 is applicable to this case. Ohio law has long recognized, in civil cases, that "failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal." Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 121. Since Appellant failed to raise this argument in the trial court, we will disregard the allegation. This court will only consider on appeal what has been argued in the trial court. Consequently, Appellant's assignment of error is overruled.
Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WHITMORE, J., BATCHELDER, J. CONCUR.