This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Lake Land Employment Group of Akron, LLP, appeals from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of Appellee, Lee Columber. We affirm.
{¶ 2} On September 5, 2001, Appellant filed a complaint against Appellee alleging that Appellee violated a covenant-not-to-compete agreement and, therefore, Appellant sought damages, a temporary restraining order, a preliminary injunction, and a permanent injunction. Subsequently, Appellee moved for summary judgment. A magistrate determined that no genuine issue of material fact existed and entered his proposed decision granting Appellee's motion for summary judgment. Appellant objected to the magistrate's decision. The trial court overruled Appellant's objections and adopted the magistrate's proposed decision, thereby granting Appellee's motion for summary judgment. Appellant appeals from the trial court's decision and raises one assignment of error for review.
 ASSIGNMENT OF ERROR
{¶ 3} "The trial court erred in holding that Prinz OfficeEquipment Co. v. Pesko is controlling and, therefore, the [covenant-not-to-compete agreement] is invalid because no additional consideration besides continued employment was given."
{¶ 4} In its sole assignment of error, Appellant contends that the trial court improperly granted summary judgment in favor of Appellee. Specifically, Appellant contends that the trial court erroneously relied on Prinz Office Equipment Co. v. Pesko (Jan. 31, 1990), 9th Dist. No. 14155 to render its decision that Appellant was required to offer Appellee additional consideration, beyond a mere promise of continued employment, to validate the covenant-not-to-compete agreement, which Appellee signed subsequent to his initial hire. Rather, Appellant contends that the trial court should have applied the law outlined in Bruner-Coxv. Dimengo (Feb. 12, 1997), 9th Dist. No. 17732, and, therefore, found that Appellant was not required to offer Appellee additional consideration other than continued employment to support the covenant-not-to-compete agreement. Appellant's contentions lack merit.
{¶ 5} Pursuant to Civ.R. 56(C), summary judgment is appropriate when: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280,292. If the movant satisfies this burden, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial[.]" Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180.
{¶ 6} We begin our analysis by examining Prinz and Bruner-Cox to determine whether continued employment alone is adequate consideration to support a covenant-not-to-compete agreement that an employee signs after the commencement of employment.
 Prinz Office Equipment Co. v. Pesko
{¶ 7} In Prinz, the employee signed an employment agreement that contained a covenant-not-to-compete clause following the expiration of her probationary period. The employment agreement contained a provision regarding consideration, namely, the employer's promise to continue the employee's employment. Thereafter, the employee violated that covenant-not-to-compete clause and the employer filed a complaint. However, the trial court ruled in the employee's favor because it found that the employer did not give the employee any new consideration other than continued employment for signing the employment agreement. This court affirmed the lower court's decision and held that "[w]here [a] restrictive covenant was not agreed to by the employee upon his or her initial hire, it must be supported by something more than a promise of continued employment." Prinz, supra, at 8.
 Bruner-Cox v. Dimengo
{¶ 8} In Bruner-Cox, the employee also signed an employment agreement, which contained a covenant-not-to-compete provision.[1] Upon his resignation, the employee also signed a settlement agreement that required him to comply with the covenant-not-to-compete provision. After the employee violated the covenant-not-to-compete provision, the employer filed a claim and moved for summary judgment, which the trial court granted. This court affirmed and found that the covenant-not-to-compete provision was valid and supported by sufficient consideration.Bruner-Cox, supra, at 8. In particular, this court determined that the employee's continued employment supported the covenant-not-to-compete provision contained in the employment agreement and the employer's guarantee to provide the employee with severance pay, a favorable letter of reference, and its endorsement of any application for unemployment benefits supported the settlement agreement that required compliance with the covenant-not-to-compete provision. Id.
{¶ 9} In the case sub judice, the record indicates that Appellant employed Appellee beginning in 1988 on an at-will basis. Thereafter, in 1991, Appellee signed a covenant-not-to-compete agreement that was presented by Appellant. In exchange for his signature, Appellant admitted that it did not provide Appellee any additional consideration or benefit, but it did acknowledge that it continued to employ him with the company.
{¶ 10} Based upon the facts in this case, Appellant urges this court to follow Bruner-Cox and find that continued employment alone is sufficient consideration to support a covenant-not-to-compete agreement executed after employment has begun; however, we find that Appellant's interpretation of the Bruner-Cox decision is incorrect. Specifically, inBruner-Cox, this court did not uphold the covenant-not-to-compete provision based solely on the employee's continued employment, but additionally considered the terms of the settlement agreement, i.e., the severance pay, a favorable letter of reference, and an endorsement of any application for unemployment benefits.
{¶ 11} Therefore, we hold that a covenant-not-to-compete agreement entered into after an employee's initial hire is invalid if the agreement is merely supported by a promise of continued employment. See Prinz, supra, at 8. Consequently, Appellant was required to give Appellee additional consideration beyond continued employment and, accordingly, we find that the trial court properly granted summary judgment in favor of Appellee. Appellant's assignment of error is overruled.
{¶ 12} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
BAIRD, J., WHITMORE, J. CONCUR.
[1] The employee contended that he accepted employment prior to signing the employment agreement; consequently, the terms of his employment were only those discussed at a dinner meeting. As the covenant-not-to-compete provision was not discussed at this meeting, the employee contended that additional consideration was needed to validate the provision. This court found it unnecessary to address the validity of the employee's contention that his employment contract existed prior to his signing the employment agreement.