This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Manlaw Investment Co., appeals from the judgment of the Medina County Court of Common Pleas which granted summary judgment in favor of Appellee, Host Marriott Corp. We reverse.
 {¶ 2} Appellant, landlord, filed a complaint against Appellee, lessee/assignor, seeking unpaid rent and real estate taxes. Appellee filed a motion to dismiss the complaint which the trial court subsequently converted into a motion for summary judgment. Appellee then filed an answer and Appellant filed a brief in opposition to summary judgment. Thereafter, the court granted summary judgment in favor of Appellee. Appellant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR
"The lower court erred in granting summary judgment for [Appellee] by finding that the case Norris v. D.D. Fashions, Inc. was controlling."
 {¶ 3} In its sole assignment of error, Appellant maintains that the trial court erred by granting Appellee's motion for summary judgment. Appellant's contentions have merit.
 {¶ 4} Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
 {¶ 5} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial[.]" Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
 {¶ 6} In the instant matter, the record reveals that Appellant and Appellee were the successor parties in interest to a lease agreement involving property located at 3351 Center Road, Brunswick, Ohio. In 1985, Appellee assigned its interest in the lease to Elias Brothers Restaurants, Inc. ("Elias Brothers"), with Appellant's consent. Elias Brothers operated a restaurant on the leased premises through the remainder of the original term of the lease. Thereafter, Elias Brothers timely exercised two options to extend the lease, on the same terms as the original, through June 30, 2001. In October of 2000, Elias Brothers encountered financial difficulties and sought relief in the United States Bankruptcy Court. No further payments were made on the lease. Subsequently, Appellant commenced suit against Appellee/Assignor seeking unpaid rent and real estate taxes. The trial court found that Elias Brothers' exercise of the option to extend the lease discharged Appellee from further liability to Appellant. Summary judgment was then granted in favor of Appellee.
 {¶ 7} Generally, an assignment divests the original lessee of his interest in the property, but not of his responsibilities under express covenants provided in the lease. Rentz v. Bannister (Oct. 11, 1995), 2nd Dist. No. 15041, citing Sutliff v. Atwood (1864), 15 Ohio St. 186. Included in these express covenants is the covenant to pay rent throughout the full term of the lease. Gholson v. Savin (1941),137 Ohio St. 551, 557; Blosser v. Enderlin (1925), 113 Ohio St. 121, paragraph three of the syllabus. Mere consent by the lessor to the assignment of the lease and receipt of rent from the assignee, without more, will not discharge the original lessee from his liability. N.R.I. Co. v. N.R. Dayton Mall, Inc. (Nov. 1, 1991), 2nd Dist. No. 12528, citing City of National Bank and Trust Co. v. Swain (1939), 29 Ohio Law Abs. 16, 25-26. See, also, Bishop Kandel Realty v. Meadows (Nov. 5, 1991), 3rd Dist. No. 5-91-9, and Sutliff, 15 Ohio St. 186 at paragraph three of the syllabus. "A lessor must agree, either expressly or by implication, to not hold the assignor liable upon an assignee's default." N.R.I. Co., supra.
 {¶ 8} In the case at hand, the Assignment Lease indicates that Appellee assigned all of its "right, title and interest as lessee under the Lease and the Premises demised thereby together with possession of same and *** all rights and options to extend or renew the terms of the Lease" to the assignee, Elias Brothers, with the consent of Appellant. However, the "Consent to Assignment and Estoppel Agreement" indicates that "[n]otwithstanding assignment of the [l]ease, [Appellee] shall continue to be obligated under the [l]ease in accordance with the terms and conditions thereof." Article XII of the lease agreement between Appellant and Appellee, provides that Appellee, as lessee, "may at any time assign this Lease *** but no assignment or sublease shall reduce or affect in any way any of the obligations of [Appellee] hereunder, and all such obligations shall continue in full effect as obligations of a principal and not as obligations of a guarantor or surety, to the same extent as though no assignment or subletting had been made."
 {¶ 9} Upon review of the record, we find evidence indicating that Appellee remained liable to Appellant notwithstanding the fact that the options to renew the lease were executed by the assignee Elias Brothers. The evidence does not reveal that Appellant released Appellee from its duty to perform the contract. Thus, Appellant did not relinquish its right to seek satisfaction of the lease from Appellee. Consequently, we conclude that the trial court erred in awarding summary judgment to Appellee. Accordingly, Appellant's sole assignment of error is sustained.
 {¶ 10} Appellant's sole assignment of error is sustained. The judgment of the Medina County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
BATCHELDER, J. CONCUR.