DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, Jerry Williams, appeals from the decision of the Lorain County Court of Common Pleas which granted the motion for summary judgment of Appellee, FirstMerit Bank N.A. We affirm.
 {¶ 2} Appellant filed his complaint against Appellee on January 9, 2002, alleging a breach of fiduciary duties. Thereafter, Appellee filed its answer and a motion for summary judgment. Appellant responded in opposition.
 {¶ 3} On December 27, 2002, the trial court granted Appellee's motion upon finding that no genuine issues of material fact existed. It is from this decision that Appellant appeals raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred when it granted * * * Appellee's motion for summary judgment."
 {¶ 4} In his sole assignment of error, Appellant avers that the trial court erred by granting Appellee's motion for summary judgment. More specifically, he asserts that there are genuine issues of material fact regarding the existence of a fiduciary relationship between Appellant and Appellee. Additionally, Appellant maintains that Appellee breached its duty of good faith and fair dealing when it acted in a commercially unreasonable fashion. For the reasons stated below, Appellant's assertions lack merit.
 {¶ 5} Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
 {¶ 6} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial." Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
 {¶ 7} In his complaint, Appellant asserts that Appellee, "through the terms of its loan, dominated and controlled [Appellant's] business [and thus] had a duty to deal fairly and impartially with [Appellant.]" Appellant further asserts that he relied on the advice, judgment, and assistance of Appellee in obtaining the funds to start his business and that Appellee violated its fiduciary duty to him causing him "general damage." We disagree.
 {¶ 8} A fiduciary relationship is defined as a relationship "in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." Schory Sons,Inc. v. Society National Bank (1996), 75 Ohio St.3d 433, 442. Such a relationship is not unilaterally created; both parties are to understand that a special trust or confidence has been reposed in the relationship.Umbaugh Pole Building Co., Inc. v. Scott (1979), 58 Ohio St.2d 282, paragraph one of the syllabus. Generally, Ohio courts have been reluctant to find the existence of a fiduciary relationship between creditors and debtors. Needham v. Provident Bank (1996), 110 Ohio App.3d 817, 829. Moreover, the Supreme Court has held that a fiduciary relationship is not created from an arm's length negotiation of terms and conditions of commercial loans. Blon v Bank One, Akron, N.A. (1988), 35 Ohio St.3d 98,102; Umbaugh, 58 Ohio St.2d 282 at paragraph one of the syllabus.
 {¶ 9} Upon review, we find that Appellant has failed to adequately allege that a "special confidence or trust" resulted from his interaction with Appellee. The loans granted to Appellant were the result of arm's length negotiations of the terms and conditions, and any position of superiority or influence enjoyed by Appellee was the result of these negotiations. See Fifth Third Bank of Western Ohio N.A. v. Grigsby (Aug. 1, 1997), 2nd Dist. No. 97CA06. Appellant's assertion that "[Appellee], through the terms of its loan, dominated and controlled [Appellant's] business" does not present circumstances that differ from the standard relations between banks and their customers such that a fiduciary relationship would be found to exist. See Grigsby, supra.
 {¶ 10} At his deposition, Appellant testified that although he received input from his accountant and his attorney, decisions involving the business were made by him. Essentially, Appellant's allegations concerning the existence of a fiduciary duty are based on his assumption that Appellee has a "moral obligation" to support his business venture. Appellant maintains that the bank should have "bent over backwards" to ensure that the venture was a success. He apparently was under the impression that the lender had an obligation to try and make the business a success and should have visited his plant or called to see "[w]hat's going on" and if there was anything the lender "[could] do to help." Appellant admitted that Appellee did not offer or provide him with financial advice or assistance, other than what was offered when he was applying for the loan, and asserted that Appellee had encouraged him to seek out more capital in order to secure the loan. Appellant explained that he simply expected the bank to "[d]o whatever it takes out of the norm, if it goes out of the norm" to help his business survive. Although Appellee's decisions may have left Appellant searching for other sources of credit, Appellee did not create Appellant's need for funds, and was not contractually obligated to satisfy every one of its customer's desires. See Needham, 110 Ohio App.3d at 832. A lender is entitled to advance its own interests and does not need to put the interests of its debtor first. See id.
 {¶ 11} As Appellant has not put forth any evidence establishing that the lending relationship was anything other than a standard commercial banking relationship between debtors and creditors, we find that the trial court did not err in concluding that no fiduciary relationship existed. See Grigsby, supra; Umbaugh, 58 Ohio St.2d 282 at paragraph one of the syllabus. Thus, the trial court correctly granted Appellee's motion for summary judgment.
 {¶ 12} Additionally, Appellant contends that he presented evidence demonstrating that Appellee breached its duty of good faith and acted in a commercially unjustifiable manner. Appellant maintains that Appellee's failure to take advantage of a $750,000 line of credit and the timing of foreclosure were not commercially justifiable. However, Appellant offers no evidence concerning the specifics of the alleged line of credit. Thus, it is unclear whether Appellant was able to apply for the credit line himself or even if he was eligible to receive such monies. Furthermore, Appellee waited approximately three years after Appellant stopped making payments on the loan to foreclose. This can hardly be said to constitute a commercially unjustifiable act. Consequently, we do not find that the trial court erred in granting Appellee's motion for summary judgment upon determining that Appellee did not breach its obligation of good faith in its dealings with Appellant. Accordingly, Appellant's sole assignment of error is overruled.
 {¶ 13} Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
BATCHELDER, J. concurs.
CARR, J. concurs in judgment only.