DECISION AND JOURNAL ENTRY.
{¶ 1} Appellants, Donald ("Donald") and Margaret Alexander, appeal from the judgment of the Summit County Court of Common Pleas which granted the motion for summary judgment of Appellee, Erie Insurance Co. For the reasons stated below we reverse.
 {¶ 2} On September 5, 2001 Appellants filed a complaint against John Doe Insurance Companies seeking a declaratory judgment that Appellants were entitled to underinsured motorists coverage ("UIM"). Thereafter, the complaint was amended to include Appellee as a party. Appellee filed its answer. After discovery commenced, Appellee filed a motion for summary judgment. Appellants responded in opposition. After several conferences were held, the trial court granted Appellee's motion for summary judgment. Appellants timely appealed raising two assignments of error which have been consolidated for ease of review.
 ASSIGNMENT OF ERROR I
"The trial court erred * * * when it ignored the very recent directly on point Ohio Supreme Court case requiring a two step analysis to determine if notice and breach of subrogation conditions caused prejudice to Appellee and found prejudice despite the clear evidence presented by Appellants which rebuts the presumption of prejudice and creates a jury question."
 ASSIGNMENT OF ERROR II
"The trial court erred when it misconstrued a decision prohibiting the application of policy exclusions to operation of law UM/UIM coverage to reject Appellants' argument concerning an exception to a policy exclusion which provides automobile liability coverage under limited conditions."
 {¶ 3} In their first assignment of error, Appellants contend that the trial court erred when it granted summary judgment in favor of Appellee. More specifically, Appellants maintain that summary judgment should not have been awarded as they presented evidence in rebuttal to the presumption of prejudice. Appellants' assignment of error has merit.
 {¶ 4} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105;Klingshirn v. Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 5} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial." Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
 {¶ 6} This appeal involves the alleged breach of the prompt-notice, consent-to-settle, and subrogation-related provisions contained in the common policy conditions for the commercial general liability policy provision under which Appellants seek UM/UIM coverage. The Ohio Supreme Court has devised a two-step inquiry courts are to engage in when evaluating whether these sorts of provisions in an insurance policy have been breached. Ferrando v. Auto-Owners Mut. Ins.Co., 98 Ohio St.3d 186, 2002-Ohio-7217, at ¶ 89. Initially, the court must ascertain whether a breach of the provision actually occurred. Id. Prompt-notice provisions require that notice be given to the insurer "within a reasonable time in light of all the surrounding facts and circumstances." Ruby v. Midwestern Indemn. Co. (1988),40 Ohio St.3d 159, syllabus. If the court finds that a breach did in fact occur, the court is to then determine whether the insurer suffered prejudice such that UM/UIM coverage must be forfeited. Ferrando at ¶ 89. In Ohio, an unreasonable delay is presumed prejudicial to the insurer. Id. at ¶ 90; Ruby, 40 Ohio St.3d at 161; Kearney v. ValsiCleaners, 9th Dist. No. 02CA0111-M, 2003-Ohio-3506, at ¶ 6. However, the insured may rebut the presumption with evidence demonstrating otherwise. Ferrando at ¶ 90; Ruby,40 Ohio St.3d at 161, (stating an "[u]nreasonable delay in the giving of notice may be presumed prejudicial * * * absent evidence to the contrary"). See, also,Kearney at ¶ 7. Thus, when an insurer's denial of UM/UIM coverage is premised on the insured's breach of a prompt-notice, consent-to-settle, or other subrogation-related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice or failure to protect its subrogation rights. Ferrando at paragraph one and two of the syllabus.
 {¶ 7} In the present case, it is clear that the various clauses were breached. Appellants provided Appellee with notice of the accident, and their intent to seek coverage under the insurance policy, more than ten years after the accident occurred and eight years after Appellants settled with and released the tortfeasor and her insurer from liability, without the consent of Appellee. Appellants' suggested rationales for the delay included: (1) they could not have filed a claim with Appellee until after the Ohio Supreme Court decided Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660; and (2) UM/UIM coverage was implied by law rather than through a contractual relationship and therefore no notice provision existed.
 {¶ 8} Upon review, we find that there exists competent, credible evidence in support of the trial court's conclusion that Appellants breached the various provisions. Appellants settled their claims against both the tortfeasor and the tortfeasor's insurance company without the consent of Appellee. Moreover, we find that the awaiting of a favorable supreme court decision does not constitute a reasonable excuse justifying Appellants five-year delay in notification. See Kearney at ¶ 9;Gidley v. Cincinnati Ins. Co., 9th Dist. No. 20813, 2002-Ohio-1740, at ¶ 32 (concluding that the fact that the legally recognized right did not materialize until the decision in Scott-Pontzer did not constitute a reasonable excuse). As Appellants notified Appellee of the accident more than two years after the Ohio Supreme Court decision in Scott-Pontzer, "[w]e cannot find that this delay is reasonable under the circumstances." See Kearney at ¶ 9, citing Wheeler v. Western Res. Mut. Cas. Co., 9th Dist. No. 02CA0043, 2003-Ohio-1806, at ¶ 20 (concluding that delay was unreasonable where insured provided notice to insurer "more than four years * * * since the accident; * * * and two years had passed since the Supreme Court decided Scott-Pontzer").
 {¶ 9} Furthermore, Appellants argument that notice and subrogation provisions do not apply when UM/UIM coverage arises by operation of law is equally unpersuasive. See Kearney at ¶ 10. This court has found that even if UM/UIM coverage arises by operation of law, these types of provisions do not simply evaporate. Id. General, predicative conditions for coverage in liability insurance policies, including notice, consent-to-settle, and subrogation provisions, apply to UM/UIM coverage imposed by law to the same extent they apply under the policy's terms for liability coverage. Luckenbill v. Midwestern Indemn. Co. (2001),143 Ohio App.3d 501, 507. See, also, Lintner v. Midwestern Indemn. Co., 12th Dist. No. CA2002-04-077, 2002-Ohio-5609, at ¶ 41-45 (determining that the insured was required to abide by the notice provision of the policy even when UIM coverage arose by operation of law). Accordingly, an alleged insured must abide by prompt-notice, consent-to-settle, and subrogation provisions, regardless of how the UIM coverage arises, and provide notice to the insurer within a reasonable period of time. See Kearney at ¶ 10; Luckenbill,143 Ohio App.3d at 507; Lintner at ¶ 41-45. Thus, even if UM/UIM coverage was mandated under the general liability policy, as Appellants suggest, the notice, consent-to-settle, and subrogation-related provisions would still present a hurdle for Appellant to receive coverage. Appellants have not provided notice to Appellee within a reasonable time and are therefore in breach of the prompt-notice provision. Furthermore, Appellants breached the consent-to-settle and subrogation clauses when they settled with and released the tortfeasor and her insurance company from liability. Accordingly, Appellants' second assignment of error is overruled.
 {¶ 10} As Appellants have breached the provisions, a presumption arose that Appellee was thereby prejudiced. See Kearney at ¶ 11;Ferrando at ¶ 90. However, Appellants are afforded an opportunity to present evidence to the contrary. See Kearney at ¶ 7; Ferrando at ¶ 90. In the instant case, Appellants have offered evidence, in the form of an affidavit, which calls into question whether Appellee has in fact been prejudiced by the delayed notice and settlement agreement. Specifically, the affiant attests to the accuracy of attached court documents which declare the tortfeasor to be bankrupt and discharge the debt she incurred to Appellants.
 {¶ 11} As issues of fact remain to be determined, namely the existence of prejudice, we conclude that the trial court erred in granting Appellee's motion for summary judgment. See Franklin v. AmericanManufacturers Mutual Ins. Co., 8th Dist. No. 81197, 2003-Ohio-1340, at ¶ 24 (holding that an issue of fact remains when a party produces evidence indicating that the insurer was not prejudiced by delayed notice because the tortfeasor was uninsured and insolvent).
 {¶ 12} Additionally, Appellee asserts that summary judgment could have been granted on alternate grounds based on the two-year limitation period contained in the policy which required that legal proceedings to recover under the UM/UIM provisions be commenced within two years from the date of the accident. However, it is unclear whether this provision is merely a time-limitation provision or one that may be considered a subrogation-related provision, pursuant to Ferrando, with the primary purpose of furthering the insurer's subrogation rights. Subrogation-related provisions are subject to the test devised inFerrando. Thus, as a factual inquiry should be conducted into the background and purposes of the two-year limitation provision, summary judgment is also inappropriate on these grounds as well. Accordingly, Appellants' first assignment of error is sustained.
 {¶ 13} Appellants' second assignment of error is overruled. The first assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the, County of, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
BAIRD and WHITMORE, JJ., concur.