DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, James Scelza and Anita Scelza, appeal from the judgment of the Summit County Court of Common Pleas that granted the summary judgment motion of Appellee, Paul Buzzi. We affirm.
 I. {¶ 2} This case arose from a real estate transaction between Defendant Joyce Mikhael and Appellants. Appellee represented Ms. Mikhael in this matter. Appellants and Ms. Mikhael entered into a real estate purchase agreement for the sale of Appellants' condominium located at 660 Hunter's Trail, in Akron, Ohio. The agreement contained a financing provision, which stated as follows:
"E) FINANCING: This transaction is conditioned upon BUYER obtaining a commitment for a first mortgage loan (the "Loan") from a lending institution in the amount set forth in D(3) above [$177,600], or in a lesser amount acceptable to BUYER. BUYER agrees to apply in writing for the Loan within five (5) Days, as defined in Paragraph P, after the date of Acceptance, to cooperate fully with the lender's requests for information and to use good faith efforts to obtain the Loan.
"If BUYER'S loan application is neither approved nor denied within 10 days after the date of Acceptance, then BUYER may either request a written extension or remove this contingency in writing. If BUYER'S loan application is denied, or if SELLER refuses an extension and BUYER does not remove this contingency, then this agreement ("AGREEMENT") shall be null and void, neither BUYER nor SELLER nor any REALTOR(S) involved in this transaction shall have any further liability or obligation to each other, and both BUYER and SELLER agree to sign a mutual release, whereupon the earnest money shall be returned to BUYER."
 {¶ 3} Ms. Mikhael applied for a loan through Home Mortgage Assured Corporation ("HMAC"). On May 12, 2003, HMAC offered terms of 3/1 ARM at a rate of four percent, based upon the financial information that Ms. Mikhael provided HMAC. However, upon further inquiry with Ms. Mikhael's accountant, the bank discovered that the income figure provided by Ms. Mikhael was not accurate and was in fact higher than her actual income. HMAC then offered Ms. Mikhael two other loans with terms of 5/1 ARM at 4.75%, and a 30-year fixed rate of 5.625%. Ms. Mikhael did not accept either of these two subsequent offers.
 {¶ 4} In a letter dated May 17, 2003, addressed to Ms. Mikhael directly, Appellants' counsel demanded performance on the contract by Ms. Mikhael by the close of business on May 21, 2003, and threatened to file suit. Ms. Mikhael retained Appellee, who, as part of his investigation of the case, requested from HMAC information regarding the loan application. The letter stated, in relevant part:
"Mr. Buzzi, this letter is in reference to your request for an explanation of the events in regards to Mrs. Mikhael's financing.
Mrs. Mikhael received a loan commitment from our organization on Monday, May the 12th, with conditions that had to be met prior to closing. The original terms of the loan was a 3/1 ARM at a rate of 4%. Mrs. Mikhael was not able to meet the conditions of her loan commitment, so that original loan was cancelled. We further extended two other options to Mrs. Mikhael in order to continue her loan process, and close on the Hunters Trail property. We extended her a 5/1 ARM at a rate of 4.75%, or a 30-year fixed rate of 5.625%. Neither option was satisfactory to Mrs. Mikhael."
 {¶ 5} Appellee sent a response letter to Appellants' counsel, which was dated May 28, 2003, seven days after the closing date. In this letter, Appellee stated that Ms. Mikhael was under no obligation to perform because Ms. Mikhael was not approved for a loan and the terms of the financing provision under the agreement thus rendered the entire agreement void. Appellee attached a copy of the letter he received from the HMAC representative, part of which he covered with White-Out™. Specifically, Appellee covered that portion of the letter that stated that Ms. Mikhael was offered other options but refused to accept these loan terms.
 {¶ 6} On October 10, 2003, Appellants filed a complaint asserting breach of contract against Ms. Mikhael for purportedly refusing to close the transaction. Appellants asserted $25,058.04 in damages as a result of incurred expenses and the loss of the benefit of the bargain. Appellants also requested damages under R.C. 2307.60 and 2307.61 based upon Appellee's alleged commission of theft offenses. Specifically, Appellants asserted that Appellee committed forgery under R.C. 2913.31(A)(2), and tampering with records under R.C. 2913.42(A)(1) and (2), both of which are theft offenses per R.C. 2913.01(K)(1). In their prayer for relief, Appellants sought statutory liquidated damages pursuant to R.C. 2307.61(A)(1)(b)(ii) in the amount of $75,144.12.
 {¶ 7} Both Ms. Mikhael and Appellee answered the complaint. Thereafter, Appellants filed a motion for summary judgment against both Ms. Mikhael and Appellee. Ms. Mikhael responded and filed her own motion for summary judgment on Appellants' breach of contract claim. Appellee also responded and filed a motion for summary judgment regarding the action for damages.
 {¶ 8} In a judgment dated August 3, 2005, the trial court granted Appellee's motion for summary judgment and denied Appellants' motion against Appellee. The court certified that there was "no just cause for delay" per Civ.R. 54(B). It is from this judgment that Appellants have appealed.[1]
 {¶ 9} Appellants timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS JAMES AND ANITA SCELZA IN OVERRULING THEIR MOTION FOR SUMMARY JUDGMENT AND GRANTING THE CROSS-MOTION FOR SUMMARY JUDGMENT OF DEFENDANT-APPELLEE PAUL BUZZI, AN ATTORNEY."
 {¶ 10} In their sole assignment of error, Appellants assert that they were entitled to judgment in their favor because they had a meritorious civil action against Appellee. We disagree.
 {¶ 11} An appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336; Klingshirn v. Westview Concrete Corp.
(1996), 113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id.
 {¶ 12} Once this burden is satisfied, the non-moving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but must instead point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Id.; Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735. In its review of a granting of summary judgment, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs., Inc. v. Lekan
(1992), 75 Ohio App.3d 205, 208.
 {¶ 13} Initially, we observe that Appellants present an argument in their brief regarding their breach of contract claim against Ms. Mikhael. However, the breach of contract claim is not before this Court. The judgment from which Appellants have appealed only determined the parties' claims and defenses with respect to the claim against Appellee. The trial court had not yet disposed of the fsummary judgment motions that addressed the breach of contract claim against Ms. Mikhael. Therefore, we do not address this issue.
 {¶ 14} Appellants assert that by covering the language in Lux's letter with White-OutTM, Appellee committed a forgery under R.C. 2913.31(A)(2) and tampering with records under R.C.2913.42(A)(1) and (2), and that R.C. 2307.60 and 2307.61 give rise to an action for Appellants against Appellee. Appellants explain that the object of Appellee's purported theft offense was Appellants' asserted chose in action against Ms. Mikhael. Appellants sought $25,048.04 in compensatory damages from Ms. Mikhael, an amount which represented the difference in price between what the condominium sold for and what Appellants would have received for the house if the agreement with Ms. Mikhael had been fulfilled, plus the costs of maintaining the condominium during this time period. Appellants argue in the alternative, that, while there may never be an actual loss, an actual loss is unnecessary for the recovery of damages under R.C. 2307.61, because the crimes of forgery and tampering with evidence are essentially attempt offenses. Appellants also assert, "Because there was no evidence that appellants did not suffer a loss of $25,029.08 as the direct consequence of Mikhael's admitted breach, the appellants' chose in action against her was worth that amount."
 {¶ 15} R.C. 2307.60 provides for a statutory remedy for victims of theft offenses, as defined in R.C. 2913.01(K), to recover for damage to their property, and specifically provides the following:
"(A) Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code. No record of a conviction, unless obtained by confession in open court, shall be used as evidence in a civil action brought pursuant to division (A) of this section." R.C. 2307.60(A).
In this case, Appellants sought liquidated treble damages from Appellee pursuant to R.C. 2307.61(A)(1)(b)(ii), which prescribes the types of damage that can be sought from the "person who willfully damages the owner's property or who commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner's property." We observe that the plain language of these statute sections requires the existence of damage or injury.
 {¶ 16} Appellants assert that Appellee's actions somehow damaged their chose in action against Ms. Mikhael. A "chose in action" is generally considered personal property and is defined as a "right of bringing an action or a right to recover a debt or money," a "personal right not reduced into possession, but recoverable by a suit at law." Prince v. Jordan (Sept. 30, 1998), 9th Dist. No. 97CA006906, at *4, quoting Black's Law Dictionary (6 Ed.Rev. 1990) 241.
 {¶ 17} We make no specific determination as to whether "injury" to a chose in action provides an appropriate basis for recovery under R.C. 2307.60. However, assuming arguendo that such a basis is proper, we find that Appellants have failed to demonstrate injury. Appellants did bring a breach of contract cause of action against Ms. Mikhael. At the time of the filing of the notice of appeal for this case, the claim against Ms. Mikhael was still pending. Appellants do not assert that Appellee's actions hindered them in any way in the proper institution of the lawsuit against Ms. Mikhael, or that they have been impeded from fully litigating their claim against Ms. Mikhael. Thus, Appellants have failed to establish that damage to their chose in action has occurred.
 {¶ 18} We find that Appellants failed to establish their entitlement to damages under R.C. 2307.60 and 2307.61 as a matter of law. With no genuine issues of fact remaining, and even viewing the evidence in the light most favorable to Appellants, we find that the trial court did not err in granting Appellee's motion for summary judgment.
 {¶ 19} Appellants' assignment of error is overruled.
 III. {¶ 20} Appellants' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Whitmore, P.J. Moore, J. Concur.
[1] In a separate judgment entered the same day, the court denied the summary judgment motions of Ms. Mikhael and Appellants that addressed the breach of contract claim, finding that genuine issues of material fact remained.