DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Christopher M. Channels and State Farm Insurance Co. ("State Farm"), appeal from the decision of Summit County Court of Common Pleas which granted the motions for summary judgment of Appellees, Zurich American Insurance Co. ("Zurich") and Continental Casualty Insurance Co. ("Continental"). For the reasons stated below, we affirm the decision of the trial court.
 I. {¶ 2} In August of 2000, Appellant Channels was seriously injured in an automobile accident with Reece Ostler ("Ostler"). At that time he resided with his father, who was employed with Weirton Steel ("Weirton"), which was insured by Appellee Zurich. Appellant Channels was an employee of Target Corporation ("Target") which had a business automobile insurance policy through Continental. At the time of the accident, Appellant Channels was in his own personal vehicle attending to personal matters.
 {¶ 3} On August 17, 2001, Appellant Channels filed an action against Ostler, Appellant State Farm, Channels' insurance provider, and Appellee Zurich. The complaint was then amended and Appellee Continental and Pacific Pioneer Insurance Co. ("Pacific"), the insurer of Ostler, were also named as defendants in the matter. Thereafter, a settlement was reached with Pacific and all claims against the insurance company were dismissed. State Farm paid its underinsured policy limits to Appellant Channels but remained as a party in order to assert a cross-claim against Appellees for contribution.
 {¶ 4} Subsequently, each remaining party filed a motion for summary judgment. Upon taking the matter under consideration, the trial court granted summary judgment to Appellees thus determining that Appellant Channels was not entitled to underinsured motorist coverage under either of the insurance policies issued by Appellees. It is from this order that Appellants appeal, raising two assignments of error for review.
 II. Assignment of Error I
"The trial court erred to the prejudice of [appellants] by granting summary judgment to [zurich] and by denying appellants' motions for summary judgment against zurich."
 Assignment of Error II
"The trial court erred to the prejudice of [appellants] by granting summary judgment to [continental] and by denying appellants' motions for summary judgment against can."
 {¶ 5} In their assignments of error, Appellants argue that the trial court erred by granting summary judgment to Appellees. We disagree.
 {¶ 6} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105;Klingshirn v. Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial." Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
 {¶ 8} Appellant's assignments of error, are based on the assumption that Appellant Channels was entitled to underinsured benefits, under the insurance policies issued by Appellees, pursuant to Scott-Pontzer v.Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. However in light of the Ohio Supreme Court's ruling in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, this assumption is no longer valid based upon the facts of this case.
 {¶ 9} In Galatis, the Ohio Supreme Court limited the application ofScott-Pontzer and held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorists coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Galatis at paragraph two of the syllabus. Additionally the court overruled Ezawa v. Yasuda Fire Marine Ins.Co. of Am. (1999), 86 Ohio St.3d 557 and determined that "[w]here a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Galatis
at paragraph three of the syllabus.
 {¶ 10} In the present matter, on the date of the accident, Appellant Channels resided with his father, Dual Channels, who was employed by Weirton. At that time, Weirton was insured, via a commercial automobile policy, by Appellee Zurich. Appellant Channels was employed by Target, which was insured by Appellee Continental.
 {¶ 11} Appellant's father was not involved in the accident which caused injury to Appellant Channels, nor was he a named insured under the Zurich policy. Thus, Appellant Channels' injury was unrelated to his father's employment with Weirton. Furthermore, it is "undisputed that at the time of the * * * motor vehicle accident, [Appellant Channels] was on his own time and was not within the course and scope of his employment for Target[.]" Therefore, neither the Zurich or Continental insurance policies provide Appellant Channels with coverage as he was not an employee who suffered a loss within the course and scope of employment nor a covered family member. See Galatis at paragraphs two and three of the syllabus. Therefore, having concluded that Galatis is dispositive of this appeal, we find that summary judgment was properly granted in favor of Appellees. Accordingly, Appellants' assignments of error are overruled.
 {¶ 12} Appellants' assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Carr, J. and Batchelder, J. concur.