CITY OF ELYRIA, Appellee,

v.

ELBERT et al., Appellants.

[Cite as Elyria v. Elbert (2001), 143 Ohio App.3d 530.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 00CA007663.

Decided May 16, 2001.

*Stephen J. Gurchik,* for appellee.

*Michael J. Godles,* for appellants.

CARR, Judge.

Appellant-defendant Lorne J. Elbert, Jr., has appealed the judgment of the Lorain County Court of Common Pleas finding Elbert liable for unpaid developmental-impact fees. This court affirms.

On March 18, 1993, the city of Elyria entered into a subdivider's agreement with Lorne J. Elbert, Jr., and South Abbe Realty Development, Inc. Section VII of the agreement expressly dealt with developmental-impact fees:

"The SUBDIVIDER–DEVELOPER acknowledges that the Elyria City Council passed Ordinance No. 91–150, which establishes a development impact fee of $3,360.00 per acre for 1991, which fee is to be increased five percent compounded annually (currently $3,704.40 per acre), and that the fee is applicable to the area of each of the new lots. The fee is due at the time a building permit is issued."

The parcels of land in question were properties within the Chateau Estates Subdivision in Elyria, Ohio.

Certain of the properties were sold to Crane Construction Company ("Crane") by Elbert. Crane requested the building permits for those parcels, and permits were issued to Crane.

Elyria filed suit in Lorain County Court of Common Pleas for unpaid developmental impact fees in the amount of $9,904 against Elbert, his company South Abbe Realty Development, Inc., Chateau Corporation, and Crane. Default judgment was entered against Crane. Elbert filed a motion for summary judgment. Elyria filed a cross-motion for summary judgment. The trial court granted Elyria's motion for summary judgment.

Elbert has appealed, asserting one assignment of error:

"The trial court erred in granting the City of Elyria's motion for summary judgment because the vagueness and ambiguities evident in the Subdivider's Agreement and Ordinance 91–150 created a question of fact for a jury."

In the sole assignment of error, Elbert claims that the agreement is ambiguous regarding the developmental-impact fees. Elbert concludes that summary judgment was not appropriate on account of the alleged ambiguities in the agreement. This court disagrees.

When only legal questions are involved, as in this case, an appellate court will not afford a trial court any special deference when reviewing an entry of summary judgment. *Klingshirn v. Westview Concrete Corp.* (1996), 113 Ohio App.3d 178, 180, 680 N.E.2d 691, 691–692; *Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co.* (1992), 81 Ohio App.3d 263, 267, 610 N.E.2d 1061, 1063–1064. Rather, the appellate court will apply the same standard used by the trial court, and will review the matter *de novo. Id.* at 180, 680 N.E.2d at 691–692, citing *Tyler v. Kelley* (1994), 98 Ohio App.3d 444, 446, 648 N.E.2d 881, 882.

Civ.R. 56(C) provides that summary judgment may be granted only when a court is satisfied that there is no genuine issue as to any material facts, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to one conclusion, which, even viewing the evidence most strongly in favor of the nonmoving party, is adverse to the nonmoving party. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. The substantive law involved controls which facts are considered material; those factual disputes that have the potential to affect the outcome of a lawsuit are material and would preclude summary judgment, while factual disputes that cannot affect the outcome are deemed irrelevant and will not affect summary judgment. *Orndorff v. Aldi, Inc.* (1996), 115 Ohio App.3d 632, 635, 685 N.E.2d

1298, 1299–1300, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211.

The Ohio Supreme Court has explained the burden allocation involved for moving and nonmoving parties:

"[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." (Emphasis deleted.) *Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d at 274.

■ Elbert does not dispute that Elyria is owed developmental-impact fees in the sum of $9,904. Rather, Elbert claims that the liability to pay the developmental-impact fees pursuant to Section VII of the agreement attaches solely to the party who received the building permit for the given parcel. Elbert claims that since Crane purchased the parcels in question and received building permits for them, Crane should be solely liable for the fees. This claim is meritless.

Section II of the agreement states:

"This Agreement shall be binding upon and shall inure to the CITY, its legal representatives, agents, elected and appointed officials, and the SUBDIVIDER–DEVELOPER, its legal representatives, successors, and assigns, or heirs and assigns. The SUBDIVIDER–DEVELOPER SHALL NOT assign, transfer or otherwise convey any right title or interest in this agreement without first obtaining the written consent of the CITY, provided however, in no event shall the obligation, liability and responsibilities of the SUBDIVIDER–DEVELOPER be released without first obtaining the express written consent of the City."

Section IV of the agreement provides:

"A. The required improvements to be constructed within Chateau Estates Subdivision No. 3 are:

"1. Sanitary sewer system

"2. Storm sewer system

"3. Watermains with fire hydrants

"4. Concrete street pavements

"5. Concrete sidewalks

"6. Street lighting

"7. Grading of lots

"8. Storm laterals serving backyard inlets on each lot

"9. *Any other improvements required by City ordinances or by the Elyria City Planning Commission* [.]

"* * *

"C. The SUBDIVIDER–DEVELOPER shall be responsible for the entire cost of all of the required improvements, including but not limited to:

"* * *

"3. Engineering design

"* * *

"6. Various permit fees." (Emphasis added.)

Section V of the agreement states that the subdivider–developer "shall" be responsible for completing all requirements in compliance with all city laws. City of Elyria Ordinance No. 91–150 sets forth the developmental-impact fee, which was expressly acknowledged within Section VII of the agreement. While Section VII of the agreement indicates that payment of the developmental-impact fees is due at the time a building permit is issued, read in the full context of the agreement, the mere establishment of a payment procedure cannot be construed as substantively shifting the liabilities of the parties.

Reading the agreement as a whole, there was a clear duty on the part of Elbert to pay the developmental-impact fees. Elbert could not be free of his obligations, liabilities, and responsibilities under the agreement without the written consent of Elyria. As Elyria never provided any such written consent, Elbert was still liable for the developmental impact fees.

Elbert's sole assignment of error is overruled.

*Judgment affirmed.*

SLABY, P.J., and WHITMORE, J., concur.