[Cite as *Knapp v. Husa*, 2020-Ohio-6986.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

TOM HUSA

    Appellant

    v.

BRADLEY KNAPP

    Appellee

C.A. No.     19CA0065-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    17-CV-0543

DECISION AND JOURNAL ENTRY

Dated: December 31, 2020

---

SCHAFER, Judge.

**{¶1}** Appellant, Tom Husa, appeals the judgment of the Medina County Court of Common Pleas granting the motion for summary judgment of Appellee, Bradley Knapp, and dismissing his counterclaim. For the reasons that follow, this Court affirms.

I.

**{¶2}** Mr. Knapp purchased a boat from Mr. Husa in June 2013, for $12,500.00. At the time of the sale, Mr. Husa disclosed to Mr. Knapp that the boat had been damaged and repaired, but Mr. Knapp was not aware of the full extent of the damage. Mr. Knapp did not experience any issues while he owned the boat. Mr. Knapp then sold the boat in September 2014, to another individual for $13,000.00. The new purchaser of the boat later informed Mr. Knapp of serious issues with the boat, including structural damage and allegedly faulty or insufficient repair work.

**{¶3}** Mr. Knapp filed a complaint on June 5, 2017, naming Mr. Husa and "The Doc Shop" as defendants. The complaint listed causes of action for breach of contract, breach of

warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, violation of Ohio consumer sales practices act, negligent construction, negligent misrepresentation, and a claim for unspecified other relief.

{¶4} Mr. Knapp made several attempts to serve the complaint on Mr. Husa. After Mr. Knapp filed a motion for default judgment, Mr. Husa appeared in the action, sought leave to file an answer, and asserted that, contrary to Mr. Knapp's representations, service had not been accomplished as to either of the named defendants. The magistrate conducted a hearing regarding Mr. Knapp's motion for default judgment. On October 11, 2017, the magistrate issued an order stating that service had not been perfected on either defendant and overruling the motion for default judgment. Further, the magistrate found that Husa and The Doc Shop's pending motions, including the motion for leave to file an answer, were all moot because the "lack of service result[ed] in this matter as having not yet been commenced."

{¶5} Mr. Knapp next attempted to serve Mr. Husa through a process server. In February 2018, Mr. Knapp moved the trial court pursuant to Civ.R. 4.4 to issue an order allowing service of the complaint to be made by publication. Mr. Knapp sought to serve Mr. Husa and The Doc Shop by publishing a "legal ad notice with the Medina County Gazette." He asserted that, after exercising reasonable diligence, he was otherwise unable to serve Mr. Husa and The Doc Shop. The magistrate issued an order denying Mr. Knapp's motion and advising that there "is no mechanism under the Civil Rules to request the Court to order service by publication," that Mr. Knapp must determine "whether Civ.R. 4.4 and R.C. 2703.14 are applicable to this case," and, if so, follow the proper procedure to effectuate service by publication. In this same order, the magistrate denied Mr. Husa's motion to dismiss the complaint.

{¶6}   On March 20, 2018, Mr. Knapp filed an amended complaint again naming Mr. Husa doing business as The Doc Shop, but not listing The Doc Shop as a separate entity.  The amended complaint also named a new defendant, Xanterra Parks & Resorts, Inc., the entity that owns the dock where Mr. Husa works as a mechanic.  Mr. Knapp served Xanterra with the complaint. Xanterra filed a Civ.R. 12(B)(6) motion to dismiss the complaint.  The trial court granted the motion as to one count of the complaint only, and Xanterra filed an answer to the complaint.

{¶7}   Mr. Knapp made several attempts to serve Mr. Husa with the amended complaint. On July 10, 2018, Mr. Knapp submitted notice to the trial court of his filing of an affidavit certifying that the News-Herald published notice to Tom Husa and The Doc Shop for six successive weeks beginning May 29, 2018, and ending July 3, 2018.  In the affidavit of publication, affiant Janice Pettit averred that legal notice of the complaint had been circulated in the News-Herald—a newspaper printed and of general circulation in the "Counties of Lake, Geauga, Ashtabula and other districts[.]"

{¶8}   Counsel appeared on behalf of Mr. Husa and, on August 24, 2018, filed an answer, affirmative defenses, and counterclaims in response to the amended complaint.  Among the affirmative defenses, Mr. Husa stated that he was not subject to the jurisdiction of the court, venue was not proper, and the process and its service were insufficient.  Mr. Husa asserted two causes of action in his counterclaims.  The first count alleged abuse of process.  Mr. Husa claimed that, despite his ability to do so, Mr. Knapp had failed to perfect residential service on him and instead wrongfully published notice of his claims in a newspaper circulated in Lake and Ashtabula counties—where Mr. Husa resides and conducts business—rather than in Medina County where venue was alleged.  Mr. Husa claimed this was a wrongful and malicious abuse of service by publication, perverting the judicial process to harm Mr. Husa's business, and that he suffered actual

damage by this wrongful publication. Mr. Husa also asserted a claim for libel, alleging that Mr. Knapp wrongfully and recklessly published false statements about Mr. Husa and The Doc Shop, without privilege to do so, and that the published statements damaged Mr. Husa in his trade or business.

{¶9} The parties eventually filed motions for summary judgment. Mr. Knapp moved for summary judgment as to Mr. Husa's counterclaims. Mr. Husa moved for summary judgment as to all claims asserted against him in the complaint. In addition to arguing that Mr. Knapp could not show that he suffered damages, he argued that Mr. Knapp's claims were time-barred, having been filed beyond the applicable statutes of limitation, and that the trial court lacked jurisdiction over Mr. Husa because the purported service by publication was defective.

{¶10} After the respective motions for summary judgment were fully briefed, the magistrate held a hearing. On April 25, 2019, the magistrate issued a decision ruling on the motions for summary judgment. The magistrate recommended that summary judgment be entered in favor of Mr. Husa and all of Mr. Knapp's claims asserted against him in the complaint be dismissed. The magistrate further recommended that summary judgment be entered in favor of Mr. Knapp and Mr. Husa's counterclaims be dismissed. Mr. Husa and Mr. Knapp each filed objections to the magistrate's decision.

{¶11} On July 2, 2019, the trial court issued its ruling on Mr. Knapp's and Mr. Husa's objections to the April 25, 2019 magistrate's decision. The trial court found, upon review of the case filings, the magistrate's decision, and the objections to the magistrate's decision, that the decision contained "no error of law or other defect" and "affirmed and adopted [it] in full." The trial court restated the "adopted findings of fact" in its July 2, 2019 entry, and found that the

magistrate had "properly applied the [] findings of fact to reach appropriate supported conclusions of law."

{¶12}   Regarding Mr. Husa's motion for summary judgment on Mr. Knapp's complaint, the trial court stated that Mr. Knapp filed his complaint on June 5, 2017, but service was not perfected until September 27, 2018.  Because service was not perfected within one year of filing the complaint, the trial court concluded that, pursuant to Civ.R. 3(A), the case had never commenced against Mr. Husa.  Further, the trial court concluded that the statute of limitations had expired as to each cause of action stated against Mr. Husa in Mr. Knapp's complaint.  In its conclusion, the trial court addressed and rejected specific objections raised by Mr. Knapp.  Therefore, the trial court granted Mr. Husa's motion for summary judgment and dismissed all claims against Mr. Husa in the amended complaint.

{¶13}   As to Mr. Knapp's motion for summary judgment on Mr. Husa's counterclaim, the trial court first discussed Mr. Husa's claim for libel.  The trial court concluded that, while Mr. Knapp "filed the service by publication in the wrong county, absolutely nothing in the publication was false."  Because Mr. Husa "failed to establish the first element of the cause of action" for libel, the trial court concluded his "counterclaim for libel fails."  Considering Mr. Husa's counterclaim for abuse of process, the trial court simply stated that Mr. Husa "failed to establish any of the elements of this cause of action" and concluded that the "counterclaim for abuse of process fails."  In its decision, the trial court found that Mr. Husa failed to state his objections to the magistrate's decision with the specificity required by Civ.R. 53(D)(3)(b)(ii).  Still, to the extent the trial court could discern Mr. Husa's objection to the magistrate's review of Civ.R. 56(C) evidence, the trial court overruled the objection.  The trial court also overruled Mr. Husa's objection to the magistrate's conclusion that the notice of publication did not contain a false statement.

Consequently, the trial court granted summary judgment in favor of Mr. Knapp as to the causes of action set forth against him and dismissed Mr. Husa's counterclaim.

{¶14} On July 26, 2019, the trial court granted Xanterra's motion for summary judgment, entered judgment in favor of Xanterra and against Mr. Knapp, and dismissed all of Mr. Knapp's remaining claims. Then, on August 23, 2019, Mr. Husa appealed the trial court's judgment entry dismissing his counterclaims and raised four assignments of error for our review. This Court issued an order on October 21, 2019, remanding the matter for a period of 60 days to allow the trial court to rule on pending post-trial motions. On remand, the trial court issued a journal entry on November 5, 2019, ruling on each of the parties' separate motions for sanctions.

II.

{¶15} Mr. Husa's merit brief presents four assignments of error, each of which challenge the trial court's grant of summary judgment and dismissal of his counterclaims for abuse of process and libel. In addition to his response brief, Mr. Knapp filed a motion to dismiss, contending this appeal should be dismissed because 1) Mr. Husa lacks standing to appeal, 2) Mr. Husa's counterclaim was "null and void" because he was not a party below, and 3) the order appealed from is not a final order. This Court overruled Mr. Knapp's motion to dismiss for lack of a final order. This Court also denied Mr. Knapp's motion to dismiss on the basis that Mr. Husa's counterclaim was void; we found that such an argument concerned the merits of the appeal, rather than this Court's jurisdiction. Finally, we deferred for determination Mr. Knapp's argument alleging that Mr. Husa lacks standing to appeal.

{¶16} On appeal, Mr. Husa argues that the trial court erred by granting summary judgment on and dismissing the two causes of action asserted in his counterclaim. In his motion to dismiss, Mr. Knapp alleges that Mr. Husa lacks standing to appeal because his counterclaims were rendered

void when the underlying amended complaint failed to commence and, consequently, Mr. Husa was not party to any legal proceeding below. Mr. Knapp's failure to obtain service and commence an action against Mr. Husa is not disputed and is not at issue in this appeal. Essentially, Mr. Knapp asserts that Mr. Husa could not maintain his counterclaim after Mr. Knapp's action failed to commence and, consequently, that there is no basis for Mr. Husa to challenge on appeal the dismissal of his counterclaim or any other aspect of the trial court's decision.

{¶17} Mr. Knapp's contention that Mr. Husa lacks standing on appeal rests on his position that Mr. Husa's counterclaim was void, which, as we previously determined, was not discernable absent a review on the merits. In light of our review of the briefs and record in this matter, it is apparent that Mr. Knapp's motion did not present relevant legal authority and failed to develop an argument to show that Mr. Husa's counterclaims could not stand alone, and we decline to make such an argument for him. Moreover, based on our review and disposition of Mr. Husa's assignments of error herein, we find Mr. Knapp's remaining argument for dismissal of the appeal is moot.

### Mr. Husa's Assignment of Error I

**The trial court wrongly concluded that [Mr.] Knapp's lawsuit against [Mr.] Husa was not perverted by [Mr.] Knapp to accomplish an ulterior purpose for which it was not designed.**

{¶18} In his first assignment of error, Mr. Husa argues that the trial court erred by concluding that Mr. Knapp's lawsuit was not perverted to accomplish an ulterior purpose.

{¶19} This Court reviews a trial court's ruling on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe–Woodward Co.*, 13

Ohio App.3d 7, 12 (6th Dist.1983). Before summary judgment may be granted under Civ.R 56(C), the trial court must determine each of the following:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶20} Summary judgment proceedings create a burden-shifting paradigm. To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials listed in Civ.R. 56(C) to demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). In meeting the reciprocal burden, the non-moving party is precluded from merely resting upon the allegations contained in the pleadings to establish a genuine issue of material fact, but "must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

{¶21} In our review of Mr. Husa's assignments of error, this Court is mindful that Mr. Knapp's motion for summary judgment as to Mr. Husa's counterclaims was initially submitted to the magistrate for determination. Generally, if a party assigns error to the trial court's adoption of a magistrate's finding of fact or conclusion of law, or to the trial court's ruling on a particular objection to the magistrate's decision, this Court's inquiry would concern whether the trial court abused its discretion in accepting or rejecting the magistrate's decision. *See Mealey v. Mealey*, 9th Dist. Wayne No. 95CA0093, 1996 WL 233491, *2. However, this Court may apply a de novo standard to determine whether the trial court appropriately determined that no genuine issues of

material fact existed and concluded summary judgment was appropriate as a matter of law when it accepted the magistrate's recommendation and granted summary judgment. *See Long v. Noah's Lost Ark, Inc.*, 158 Ohio App.3d 206, 2004-Ohio-4155, ¶ 17 (7th Dist.). Still, when the party appeals a trial court's order adopting and entering judgment based on a magistrate's decision "'any claim of trial court error must be based upon the actions of the trial court,' not the magistrate's findings or proposed decisions." *J.P. v. T.H.*, 9th Dist. Lorain No. 14CA010715, 2016-Ohio-243, ¶ 28, quoting *Citibank v. Masters*, 9th Dist. Medina No. 07CA0073-M, 2008-Ohio-1323, ¶ 9.

{¶22} An "abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 271 (1996). "'The three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.'" *State ex rel. Morrison v. Wiener*, 9th Dist. Summit No. 27891, 2017-Ohio-364, ¶ 22, quoting *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294 (1994), paragraph one of the syllabus.

{¶23} Mr. Husa first contends that the trial court improperly reasoned that: (1) because Mr. Knapp "set his lawsuit in motion without proper process, there was no process to pervert[,]" and (2) because Mr. Knapp could have sued [Mr.] Husa where he resided and worked, his publication there was not improper. Mr. Husa argues that the trial court based its conclusion that Mr. Knapp "did not pervert or alter the court of process in this case" on this faulty reasoning.

{¶24} Regarding Mr. Husa's first issue, this Court's review of the record supports Mr. Husa's characterization of the trial court's decision. The trial court adopted the magistrate's conclusion that Mr. Knapp attempted to set a legal proceeding in motion without proper form and,

therefore, the first element of Mr. Husa's abuse of process claim fails. However, Mr. Husa has not demonstrated any nexus between the trial court's conclusion in this respect, and his assigned error challenging the trial court's adoption of the magistrate's conclusion that the second element of Mr. Husa's claim for abuse of process failed as a matter of law.

{¶25} Relevant to Mr. Husa's issue with the second "reason" for the trial court's decision, the magistrate stated the following:

> It is undisputed [Mr. Knapp]'s attempt at service by publication occurred in the wrong newspaper. But [Mr. Knapp] could have sued [Mr.] Husa in the county of his residence. In fact, [Mr.] Husa specifically asserted in his answer [that] the lawsuit was commenced in an improper venue. On one hand, [Mr.] Husa argues he should have been sued in his home county, but on the other hand he argues it was abuse of process for notice of the lawsuit to be published in his home county.

The magistrate concluded that Mr. Husa failed to show that the proceeding was perverted for an ulterior purpose. In its decision adopting the magistrate's decision, the trial court held that the magistrate "properly concluded that [Mr.] Husa failed to establish any of the elements of this cause of action" and that Mr. Husa's abuse of process claim fails.

{¶26} In his motion for summary judgment, Mr. Knapp argued that Mr. Husa could not point to any facts to support his bare allegation that Mr. Knapp intended to harm him by publishing notice in The Lake County Herald-News rather than The Medina County Gazette. He asserted that the record reflected his attempts to perfect legal service on Mr. Husa to proceed with his claims, but that the record was devoid of any indication of an ulterior motive or collateral benefit. This Court's review of the record supports a conclusion that Mr. Knapp met his initial summary judgment burden by demonstrating the absence of evidence as to whether he had an ulterior motive to gain a collateral benefit.

{¶27} Mr. Husa contends he has sufficiently shown that "after failing to properly serve him, [and] then attempting to improperly serve him by publication in the counties where [Mr.]

Husa resided and did business, [Mr.] Knapp intended to damage [Mr.] Husa in his trade or business." Mr. Husa emphasizes that Mr. Knapp could only accomplish service by publication in Medina, the county where the complaint was filed. *See* Civ.R. 4.4(A)(1) ("Upon the filing of the [requisite] affidavit, the clerk shall cause service of notice to be made by publication in a newspaper of general circulation in the county in which the action or proceeding is filed."); Civ.R. 4.4(B). Mr. Husa argues that by publishing notice in the wrong county, the county where Mr. Husa lived and operated his business, Mr. Knapp "perverted the process by publicizing his grievances against [Mr.] Husa beyond the venue he chose to air them, places where [Mr.] Husa was intimately connected and which had no connection whatsoever to his lawsuit." He contends that evidence of Mr. Knapp's "implicit hostility" was sufficient to show Mr. Knapp's "ultimate goal was to harm" Mr. Husa, and the fact that he published notice of his claims where he lived and worked demonstrates an "ulterior purpose to punish" him.

{¶28} The proponent of a claim for abuse of process must show that the proceeding at issue was perverted in pursuit of an ulterior purpose for which that process was not designed. *Wiener*, 2017-Ohio-364 at ¶ 22. The ulterior motive or "improper purpose" of an abuse of process claim typically "takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Robb*, 75 Ohio St.3d at 271, quoting *Prosser & Keeton on Torts*, Section 121, at 898 (5th Ed.1984).

{¶29} This Court's review of the record shows that Mr. Husa rested his abuse of process claim upon the bald assumption that Mr. Knapp must have intended to harm him *because* he published legal notice in the county where Mr. Husa lives and operates his business rather than the county where the lawsuit was pending. Mr. Husa contends there is an "implicit hostility" but has

not identified any evidence of such hostility nor has he identified any improper purpose or motive inherent in Mr. Knapp's attempt at publication. Moreover, focusing squarely on the fact that Mr. Knapp failed to publish notice in the correct county, Mr. Husa has not identified any collateral advantage Mr. Knapp might have sought to gain by instituting legal proceedings in one county only to publish notice in another county. Mr. Husa did not produce evidence that Mr. Knapp initiated the lawsuit with any motive or for any purpose other than seeking to recover a judgment against Mr. Husa. Despite his many bungled attempts at service, including the ill-fated attempt to serve Mr. Husa by publication, there is no indication that Mr. Knapp perverted the process or sought to gain an advantage or benefit that the trial court was powerless to order. Therefore, Mr. Husa has not shown a genuine issue of material fact as to whether Mr. Knapp engaged in an abuse of process.

{¶30} We conclude that Mr. Husa failed to demonstrate that the trial court erred by concluding that no genuine issue of material fact existed as to whether "the proceeding was perverted in an attempt to accomplish an ulterior purpose for which it was not designed." *Wiener*, 2017-Ohio-364 at ¶ 22; *Yaklevich*, 68 Ohio St.3d 294, paragraph one of the syllabus. Mr. Husa's failure to show a genuine issue of any material fact concerning this essential element of his claim for abuse of process necessarily renders all other facts immaterial and entitles Mr. Knapp to judgment as a matter of law. *Dresher*, 75 Ohio St.3d at 288. Consequently, his first assignment of error is overruled.

### Mr. Husa's Assignment of Error II

**The trial court erred when it concluded that [Mr.] Husa was not damaged because newspapers and civil cases are available [online] to anyone no matter where filed.**

{¶31} In his second assignment of error, Mr. Husa argues that the trial court erred when it concluded that Mr. Knapp's publication of legal notice did not result in injury because the information contained in the notice was available online. Mr. Husa points to a segment of the magistrate's decision wherein the magistrate implies it is irrelevant that Mr. Knapp published notice of the pending claims in another county, stating that Mr. Husa "has offered nothing showing any actual direct damages resulting from publication in the wrong county. Newspapers are available [online]. Civil cases are public records also available [online]. Anybody could easily view a lawsuit regardless of whether it was filed in Lake or Medina County."

{¶32} Initially we note that the statement to which he assigns error is in the magistrate's decision, not the decision of the trial court that is the subject of the present appeal. *See J.P.*, 2016-Ohio-243 at ¶ 28, quoting *Masters*, 2008-Ohio-1323 at ¶ 9 (When a party appeals a trial court's order adopting and entering judgment based on a magistrate's decision "'any claim of trial court error must be based upon the actions of the trial court,' not the magistrate's findings or proposed decisions."). That issue aside, Mr. Husa has not explained the relevance of the magistrate's observation to an essential element of his claim for abuse of process. "Only disputes over facts that have the potential to affect the outcome of the lawsuit preclude entry of summary judgment, not factual disputes which are irrelevant or unnecessary." *Black v. Cosentino*, 117 Ohio App.3d 40, 43 (9th Dist.1996). "The substantive law involved controls which facts are considered material" to an essential element of a cause of action. *Elyria v. Elbert*, 143 Ohio App.3d 530, 532 (9th Dist.2001).

{¶33} Even assuming Mr. Husa is correct in his contention that the magistrate's observation was flawed, Mr. Husa has not explained how such a conclusion is relevant to this Court's review of the trial court's decision to grant summary judgment on his abuse of process

claim. Mr. Husa has not demonstrated the materiality of this issue. Mr. Husa's second assignment of error is overruled.

### Mr. Husa's Assignment of Error III

**The trial court erred when it concluded that [Mr.] Husa did not show legal injury.**

{¶34} In his third assignment of error, Mr. Husa argues that the trial court erred when it concluded he did not demonstrate any evidence of direct damage resulting from the alleged wrongful use of process.

{¶35} In its decision granting summary judgment, the trial court concluded that Mr. Husa failed to establish an issue of material fact relating to any of the elements of abuse of process, including the third element: that direct damages resulted from the wrongful use of process. *See Wiener*, 2017-Ohio-364 at ¶ 22. Direct damage resulting from the wrongful use of process is an essential element of an abuse of process claim. *Id.*

{¶36} Mr. Knapp argued in his motion for summary judgment that Mr. Husa had not produced through discovery any evidence to suggest that he suffered any damages. In his brief in opposition to the motion for summary judgment, Mr. Husa indicated that his attached affidavit provided evidence of the damages he sustained. In the affidavit Mr. Husa stated, "When I learned that fraud and shoddy workmanship charges were published against me and my business by Knapp in the Lake County News-Herald, I felt like shit, personally, and because of the effect that I knew these kinds of charges would have on my businesses." He further stated, "I believe that these charges have damaged my business." In his merit brief, Mr. Husa argues that his statement in his affidavit—that he "felt like shit" when he learned of the publication—was a "metaphorical expression of his loss" describing the kind of damages that come from abuse of process. He

contends his attestation sufficiently demonstrated a dispute of material fact as to whether legal damages resulted from a wrongful use of process.

{¶37} Mr. Husa did not identify any evidence to substantiate the "metaphorical expression" of damages he attributes to his bare statement that he "felt like shit" when he learned that notice of the charges had been published in the Lake County News-Herald. Mr. Husa failed to establish that feeling "like shit" is compensable injury that naturally resulted from the allegedly wrongful act. *See Donohoe v. Burd*, 722 F.Supp. 1507, 1522 (S.D.Ohio 1989) ("Plaintiff may only recover those damages which naturally resulted from the defendant's wrongful acts and this Court cannot consider remote, indefinite or speculative injuries or damages."). Further, Mr. Husa provided no evidence that his business sustained damages.

{¶38} Moreover, the trial court determined that Mr. Husa failed to establish evidence as to any of the essential elements of the abuse of process claim. In this Court's resolution of his first assignment of error we rejected Mr. Husa's argument challenging the trial court's conclusion that he failed to show evidence of any material fact that the proceeding had been perverted for an ulterior purpose, an essential element of abuse of process, and concluded that Mr. Husa failed to meet his *Dresher* burden. Therefore, his damages argument notwithstanding, Mr. Husa has not demonstrated a dispute of material fact as to the essential elements of abuse of process, and his claim fails as a matter of law. Mr. Husa's third assignment of error is overruled.

### Mr. Husa's Assignment of Error IV

**The trial court erred when it concluded that absolutely nothing in the publication was false.**

{¶39} In his fourth assignment of error, Mr. Husa argues that Mr. Knapp's published allegations about Mr. Husa's "fraudulent conduct and contract breaches" were libelous statements. We again apply a de novo standard of review to the trial court's decision to grant summary

judgment, *Grafton*, 77 Ohio St.3d at 105, and apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party, *Viock*, 13 Ohio App.3d at 12.

{¶40} To prevail on a claim for libel, a plaintiff must demonstrate five elements: (1) that a false statement of fact was made, (2) the statement was defamatory, (3) the statement was published, (4) the plaintiff suffered injury as a proximate result of the publication, and (5) the defendant acted with the requisite degree of fault in publishing the statement. *Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 2012-Ohio-4193, ¶ 77. Whether or not certain statements alleged to be defamatory are actionable is a matter for the court to decide. *Id.* at ¶ 78, quoting *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 6 Ohio St.3d 369, 372 (1983).

{¶41} In its decision granting summary judgment, the trial court concluded that, while Mr. Knapp "filed the service by publication in the wrong county, absolutely nothing in the publication was false. As [Mr.] Husa failed to establish the first element of the cause of action, [Mr.] Husa's counterclaim for libel fails."

{¶42} The initial step in our analysis focuses on the first element of a claim of libel: whether Mr. Knapp made a false statement of fact. *See Leadscope* at ¶ 77. In support of his motion for summary judgment, Mr. Knapp argued legal notice advertised in The Lake County News-Herald did not contain any false statements. Mr. Knapp asserted that the publication only stated the fact that a lawsuit had been filed against Mr. Husa in Medina County and listed the causes of action.

{¶43} The legal notice—prepared and submitted to the Lake County News-Herald by Mr. Knapp's counsel—states the information contained in the case caption and the last known address

of the named defendant, Mr. Husa, and of The Doc Shop. The legal notice indicates that Mr. Knapp filed a complaint against Mr. Husa and lists the title of each cause of action stated in the complaint. The legal notice also specifies the duration for which it will be published and informs Mr. Husa that he must file an answer to the amended complaint. Our review of this legal notice confirms Mr. Knapp's position that it contained no false statements. Therefore, Mr. Knapp met his burden to show the absence of a dispute of material fact as to the first element of Mr. Husa's libel claim.

{¶44} Mr. Husa concedes that the statements in the notice were not, in and of themselves, false. However, he appears to argue in his merit brief that the trial court erred in its conclusion because, if he had been given the opportunity to prove that the underlying causes of action listed in the notice were false, then the notice would not be privileged. We note that lack of privilege is not an essential element of libel. *See Fisher v. Ahmed*, 9th Dist. Summit No. 29340, 2020-Ohio-1196, ¶ 35, citing *Hahn v. Kotten*, 43 Ohio St.2d 237, 243, 331 (1975). However, whether Mr. Knapp would ultimately prevail on the causes of action described in the legal notice has no bearing on a determination of the veracity of the statements in the legal notice. Regardless of the outcome of the litigation referenced in the legal notice, it would remain true that Mr. Knapp filed a complaint against Mr. Husa asserting those claims. Because Mr. Husa failed to show that any statement in the published notice was false, he failed to meet his reciprocal summary judgment burden with respect to the first element of the cause of action for libel.

{¶45} Mr. Husa failed to show that the trial court erred in its conclusion that the legal notice did not contain a false statement. Mr. Husa's fourth assignment of error is overruled.

## III.

**{¶46}** Each of Mr. Husa's four assignments of error are overruled. The judgment of the Medina County Court of Common Pleas entering judgment in favor of Mr. Knapp and dismissing Mr. Husa's counterclaim is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

WILLIAM L. TABAC, Attorney at Law, for Appellant.

DANIEL THIEL, Attorney at Law, for Appellant.

NATALIE F. GRUBB and MARK E. OWENS, Attorneys at Law, for Appellee.

ORVILLE L. REED, III and JULIE A. BICKIS, Attorneys at Law, for Appellee.